MEMORANDUM **
Ibrahima Mbodji, a native and citizen of Senegal, petitions pro se for review of the *380 Board of Immigration Appeals’ order summarily affirming an immigration judge’s (“IJ”) decision denying, his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, Nagoulko v. INS, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.
Mbodji claims that he will be persecuted upon return to Senegal because, while in the United States, he had sexual relations with non-Muslims, and fathered a child out-of-wedlock with a non-Muslim. Substantial evidence supports the IJ’s finding that Mbodji’s testimony and the documentary evidence did not establish an objective basis for a well-founded fear of persecution in Senegal. Accordingly, Mbodji’s asylum claim fails. See Nagoulko, 333 F.3d at 1018 (petitioner’s fear of future persecution is not objectively reasonable).
Because Mbodji failed to demonstrate eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. See Zehatye v. Gonzales, 453 F.3d 1182, 1190 (9th Cir.2006).
Substantial evidence also supports the IJ’s determination that Mbodji is not entitled to CAT relief because Mbodji failed to establish that is was more likely than not that he would be tortured if he returns to Senegal. See See Malhi v. INS, 336 F.3d 989, 993 (9th Cir.2003).
Finally, Mbodji’s due process contention that the IJ failed to consider the State Department Country Report and Mbodji’s evidence of Islamic law is not supported by the record because the IJ referred to this evidence in his decision. See Larita-Mar-tinez v. INS, 220 F.3d 1092, 1096 (9th Cir.2000) (no due process violation when there is no error).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.